UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 18-00875 | Date | June 11, 2018 |
|---|---|---|---|
| Title | TERESA VARGAS v. WELLS FARGO BANK, N.A. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**Proceedings:** [IN CHAMBERS] ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Wells Fargo Bank invoked that limited jurisdiction when it filed a notice of removal in this Court. *See id.* ("It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction."). Wells Fargo says that this Court has "diversity jurisdiction." *See* U.S. Const. art. III, § 2 ("The judicial Power shall extend to all Cases . . . between Citizens of different States."); 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States.").

Plaintiff is a citizen of California and Wells Fargo, true enough, is a citizen of North Dakota. (Notice of Removal, Dkt. No. 1, at 2–4.) Those representations are correct, even if subject to some puzzlement about this major bank in California being from North Dakota. But what about the amount in controversy in this foreclosure case? Case law has stated, "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). But as this Court has previously stated, it's too simplistic

to argue that the "object of the litigation" is the value of the underlying loan. *See Olmos v. Residential Credit Sols., Inc.*, 92 F. Supp. 3d 954, 956 (C.D. Cal. 2015). Under California's anti-deficiency law, the amount available to a lender is pegged and "often limited to the value of the real property." *Perez v. Wells Fargo Home Mortg., Inc.*, No. SACV 13-00315 AG (JPRx), 2013 WL 6876445, at *2 (C.D. Cal. Apr. 5, 2013); *see also* Cal. Civ. Proc. §§ 580b, 580d. Further, when a case involves merely a "*temporary delay* in foreclosure," the amount in controversy is measured by "benefit to [the plaintiff] of the delay." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) (emphasis added). The amount in controversy may also be measured by "the cost to [the lender] from the delay," including "the transactional costs . . . of delaying foreclosure or a fair rental value of the property during" the delay. *Id.* at 775–76; *see also Perez*, 2013 WL 6876445 at *2 (reasoning that for temporary delays in foreclosure "the amount involved might more accurately be the present value of the future rental stream"). On the other hand, when a plaintiff "seeks to quiet title to a property or *permanently* enjoin foreclosure," then "the value of the property or the amount of indebtedness on the property is a proper measure of the amount in controversy." *Id.* at 776 (emphasis added).

Wells Fargo's notice of removal says that the amount in controversy is either "the amount of the loan balance as stated in [the] Deed of Trust ($315,000), the Notice of Trustee's Sale ($424,466.12), or the assessed value of the Property ($434,100.00)." (Notice of Removal, Dkt. No. 1 at 6.) But it's unclear from the notice of removal that these amounts accurately reflect what's at stake in this case, since it isn't clear that the remedies Plaintiff seeks would permanently deprive Wells Fargo of its rights to the property, if any. Plaintiff's complaint seeks a declaration concerning the validity of a foreclosure sale and cancellation of a notice of default, among other things. (Complaint, Dkt. No. 1-1 at 11–12.) If Wells Fargo will simply have to refile a notice of default and redo the foreclosure sale if Plaintiff wins this case, then there may be more accurate measures of the amount in controversy other than property value or amount of indebtedness. *See Corral*, 878 F.3d at 776. Simply put, Wells Fargo needs to do more to justify its amount in controversy calculations, even if that means distinguishing this case from a "temporary delay" in foreclosure (if appropriate).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00875 | Date | June 11, 2018 |
|---|---|---|---|
| Title | TERESA VARGAS v. WELLS FARGO BANK, N.A. | | |

"Nothing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted). Here, that high bar tends to keep state cases in state courts applying state law to properly determine issues concerning California's very complex real property security law. As such, the Court ORDERS Wells Fargo to show cause in writing—by no later than **June 25, 2018**—why this action should not be remanded for lack of subject matter jurisdiction.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |